**NOT FOR PUBLICATION**

FILED

DEC 16 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: PARADIGM INTERNATIONAL, INC., | No. 13-56517 |
| Debtor, | D.C. No. 2:13-cv-01582-R |
| ELISSA MILLER, Chapter 7 Trustee, | MEMORANDUM* |
| Plaintiff - Appellant, | |
| v. | |
| BHC INTERIM FUNDING II, L.P., | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted October 23, 2015
Pasadena, California

Before: KLEINFELD, RAWLINSON, and NGUYEN, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appellant Elissa Miller, the bankruptcy trustee (the "Trustee") of Paradigm International, Inc. ("Paradigm"), appeals the district court's judgment in favor of appellee BHC Interim Funding II L.P. ("BHC"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. The district court did not clearly err in finding that the payment BHC obtained through an asset-backed guaranty (the "Guaranty") from Paradigm was not a "distribution" under Fla. Stat. § 607.06401. *See, e.g.*, *Goldstein v. Commissioner*, 298 F.2d 562, 566 (9th Cir. 1962) ("Whether or not a corporation distributes a dividend or something else is a question of fact . . . . No one factor is determinative . . . [and] [t]he trier of fact must consider and weigh all the different facts involved before reaching its decision."); *Official Committee of Unsecured Creditors v. Liberty Savings Bank, FSB (In re Toy King Distributors, Inc.)*, 256 B.R. 1, 163 (Bankr. M.D. Fla. 2000) ("Whether a payment constitutes a dividend is a 'question of fact to be determined by the Court and no one factor is determinative.'") (citations omitted)). Rather, the record supports the district court's determination that the Guaranty was a commitment from Paradigm to pay its corporate-affiliate's indebtedness in the event of default.

2. The district court also correctly determined that the burden of proof on the fraudulent transfer claim remained on the Trustee. *See, e.g.*, *Whitehouse v. Six*

*Corp.*, 40 Cal. App. 4th 527, 533-34 (1995). The Guaranty and the stock pledge were negotiated and executed as part of an arm's length transaction among sophisticated parties, and the Trustee failed to show that BHC was an "insider" when Paradigm's contingent obligations actually arose or that Paradigm was controlled by BHC.

The Trustee failed to show that BHC received a fraudulent transfer. Paradigm was solvent when the Guaranty was executed, and the loan agreements were negotiated with a third party (BHC) that specialized in corporate lending and conducted extensive due diligence before agreeing to the loan. *Cf. Toy King*, 256 B.R. at 97-98, 119-20 (describing why creditors controlled the debtor and were insiders at the time of the loan). While there were indicia of possible fraud—including that the Guaranty was issued from a wholly owned subsidiary at the command of a parent corporation for no reasonably equivalent value—the district court correctly observed that "those are only two of many non-exclusive factors" in the analysis. *See, e.g.*, *Wyzard v. Goller*, 23 Cal. App. 4th 1183, 1190 & n.4 (1994) (noting that even the existence of several "badges of fraud" may be insufficient to raise a triable issue of material fact). Moreover, the Trustee failed to identify any direct evidence of an intent to defraud, and neither the 2007 loan

transaction nor Paradigm's financial obligations were concealed from the creditors here, none of whom held debts antecedent to the Guaranty.

3. The Trustee's common law fraud claim also fails due to the absence of an intent to defraud. *See Robinson Helicopter Co. v. Dana Corp.*, 102 P.3d 268, 274 (Cal. 2004) (common law fraud requires knowledge of falsity and intent to defraud). Contrary to the Trustee's arguments, an implicit promise to pay only out of Paradigm's "earned surplus" is at odds with the express language in the Guaranty promising the absolute and unconditional payment of all obligations under the loan, secured by substantially all of Paradigm's assets.

The Trustee also failed to show that the payment under the Guaranty was constructively fraudulent. There was no evidence that at the time the Guaranty was executed, Paradigm was: (1) engaged or about to engage in business for which the remaining assets were unreasonably small; or (2) intended to incur or reasonably should have believed it would incur debts beyond its ability to repay. Cal. Civ. Code § 3439.04(a)(2)(A)-(B). In fact, Paradigm and its affiliates were not undercapitalized at the time and were able to pay debts as they came due. The affiliate's default occurred almost two years after BHC issued the loan and received the Guaranty, which was secured not only by Paradigm's assets, but also by the assets of additional Pacific CMA, Inc. subsidiaries.

4

4. The district court properly rejected the Trustee's claim that the Guaranty resulted in an "insider" preferential transfer under Section 547(b) of the Bankruptcy Code. As explained above, BHC was not an "insider," and Paradigm was not insolvent at the time the Guaranty was executed. *See* 11 U.S.C. § 547(b)(3) (indicating that prerequisite for preferential transfer claim is insolvency). The Trustee did not show that BHC—as a secured creditor—received more through the Guaranty than it would have received in a hypothetical Chapter 7 case had the payment not occurred. *See id.* § 547(b)(5); *Battan v. TransAmerica Commercial Financial Corp. (In re Smith's Home Furnishings, Inc.*), 265 F.3d 959, 963 (9th Cir. 2001) (transfer is not preferential unless it enables the transferee creditor to receive more than he or she would have received in a hypothetical Chapter 7 case); *Committee of Creditors v. Koch Oil Co. (In re Powerene Oil Co.*), 59 F.3d 969, 972 (9th Cir. 1995) (same).

5. Finally, the Trustee did not establish any basis for subordination. The contractual language did not require BHC to subordinate payments under the Guaranty in favor of other creditors. The agreement states that the lien and security interest in issue are enforceable "only to the maximum extent that would not cause this Guaranty or such lien and security interest to constitute a Fraudulent Conveyance." Since the court correctly determined that BHC's enforcement of the

5

Guaranty was not a fraudulent conveyance, there is no basis for contractual subordination under 11 U.S.C. § 510(a).

Likewise, there was no basis for equitable subordination. *See, e.g.*, *Henry v. Lehman Commercial Paper, Inc. (In re First Alliance Mortgage Co.*), 471 F.3d 977, 1006 (9th Cir. 2006). BHC had the right to obtain payment under the Guaranty as a secured creditor, and there was no evidence of fraud or concealment. Accordingly, the district court properly rejected the Trustee's claim for equitable subordination. *See id.* ("Although equitable subordination can apply to an ordinary creditor, the circumstances are 'few and far between.'") (quoting *ABF Capital Mgmt. v. Kidder Peabody & Co., Inc. (In re Granite Partners, L.P.)*, 210 B.R. 508, 515 (Bkrtcy. S.D.N.Y.1997)).

**AFFIRMED.**